JOHN J. O'ROURKE, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

90 N. W. 2d 820

Filed June 20, 1958. No. 34439.

*Donald N. Bykerk,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Richard H. Williams,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is a criminal action brought in the district court for Lancaster County wherein the defendant John J. O'Rourke was charged in an information in substance as follows: That on or about November 1, 1957, while confined in the Nebraska State Penitentiary upon conviction of a felony, he did then and there unlawfully and feloniously break such custody and escape therefrom contrary to law. The defendant was duly tried and found guilty by the verdict of a jury. Following the overruling of his motion for new trial, the defendant was sentenced to serve a term of 5 years in the Nebraska State Penitentiary.

The defendant, as plaintiff in error, brings the case to this court for review and will hereafter be referred to as the defendant.

The information was filed in the district court for

Lancaster County on February 4, 1958, and served on the defendant at the penitentiary on February 5, 1958. On February 19, 1958, the defendant was arraigned in the district court and entered his plea of not guilty. He appeared without counsel, and after his plea was entered, he was ordered held for trial to be held March 3, 1958. Several motions were made by the defendant which were overruled. On March 3, 1958, the defendant filed a motion for continuance on the grounds that he had not had an adequate amount of time to prepare for trial, and had access to law books for a period of only 4 days. This motion was overruled.

The defendant assigns as error irregularities in the proceedings of the court and abuse of discretion by the court as a result of which the defendant was prevented from having a fair trial in the following particulars: (1) The refusal of the court to grant a continuance; and (2) the refusal of the court to call additional witnesses upon request by the accused.

The record discloses that on September 18, 1957, the defendant was committed to the Nebraska State Penitentiary under a commitment to that institution from the district court for Dawson County for a period of 10 years at hard labor. He was reported missing on November 1, 1957, while on a work detail in the cannery at the penitentiary. A security guard missed the defendant about 1 p.m. of that day. The defendant was apprehended in Iowa, and on November 2, 1957, was returned to the penitentiary by officers assigned for that purpose. He told officers, after he was apprehended, that he walked through an unlocked gate in the wire fence that encircles the inner wall of the penitentiary. After the defendant was returned to the penitentiary he was placed in maximum custody.

With reference to the assignment of error relating to the granting of a continuance of which the defendant complains, the rule is as stated in Hyslop v. State, 159 Neb. 802, 68 N. W. 2d 698, as follows: "An application

for postponement of time of trial of a criminal case is addressed to the sound discretion of the trial court and, in the absence of abuse of discretion disclosed by the record, a denial thereof is not error." See, also, Darlington v. State, 153 Neb. 274, 44 N. W. 2d 468; § 25-1148, R. R. S. 1943.

In the instant case 26 days intervened between the time of the filing of the information and the trial, and 11 days intervened between the time the defendant was arraigned and the trial. The defendant, at the time of trial, was offered every opportunity to have the services of counsel, which he declined, and elected to try his own case, as he had a right to do. The record is void of any showing that the defendant was in any manner prejudiced by a refusal to grant a continuance.

Defendant's assignment of error relating to his application for continuance of trial cannot be sustained.

Referring to the defendant's second assignment of error, Article I, section 11, of the Constitution of Nebraska provides: "In all criminal prosecutions the accused shall have the right to appear and defend in person or by counsel, to demand the nature and cause of accusation, and to have a copy thereof; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf; and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

As heretofore set out, this is a criminal prosecution for the crime of escape. The defendant, during the course of the trial, persisted in attempting to show that during his incarceration in the penitentiary he was the victim of some violence by the officials or guards of the institution. The defendant requested the court for process for the attendance of additional witnesses for the purpose of showing that violence had been used against him. The court explained to the defendant that such testimony would be immaterial to the case and refused the request. The defendant then stated that there

was one witness that he wished to call. The following discourse ensued: "THE COURT: What would you expect to prove by him? MR. O'ROURKE: I don't want to give - to get up and argue my whole case. THE COURT: If it is something that is material and if the County Attorney will admit it, there is no need to call him. That is the reason I am asking it. We are making a record of it, putting it in the record. MR. O'ROURKE: I can't call these witnesses? THE COURT: Not for that purpose. That is, I am denying your request. I did direct that they call in all witnesses you asked for. And now you have asked for some more to impeach some of the testimony of your other witnesses that were brought in." The defendant informed the court that he would expect to prove that he was unlawfully confined in the penitentiary because he was given close confinement rather than hard labor. The court then explained to the defendant that such matters dealt with the administration of the penitentiary and were not proper or pertinent in this action.

Section 29-1903, R. R. S. 1943, provides in part: "Any person accused of crime amounting to felony shall have compulsory process to enforce the attendance of witnesses in his behalf, * * *."

In Garcia v. State, 159 Neb. 571, 68 N. W. 2d 151, the defendant, during the trial, filed an application for compulsory process and attendance of certain witnesses. A subpoena was issued for one of the witnesses, but was not served by the sheriff because the return date had passed before it was received by him. The defendant complained of the failure of the trial court to enforce the process further. This court said: "It is apparent that the purpose of requesting the attendance of this witness was to have him testify to the altercation he had with Gutierez while they were both being held in the county jail at Chadron. The trial court was of the opinion that the testimony of this witness was incompetent and so advised counsel. We have confirmed this ruling and

consequently the witness properly would not have been permitted to testify thereto if present. Therefore no prejudice resulted from his not being present."

As stated in 97 C. J. S., Witnesses, § 6, p. 354: "While it has been declared that the court has no discretion to refuse to enforce the accused's constitutional right to compulsory process, the court may, however, refuse to permit issuance of a subpoena which, it appears, may be an abuse of process, until the court has been informed of what testimony may be expected of the prospective witness."

In 97 C. J. S., Witnesses, § 9, p. 358, it is stated: "A court is not required to issue compulsory process for any one whom accused may designate as a witness; the constitutional right to compulsory process requires such process for, and only for, competent, material, and resident witnesses whose expected testimony will be admissible."

In the instant case it is obvious that the only purpose the defendant had in mind in requesting process for certain unnamed inmates of the penitentiary was as to the treatment he received while incarcerated therein. The type of evidence sought by the defendant was wholly immaterial and irrelevant to the crime herein charged.

Finding no prejudicial error in the record, we come to the conclusion that the defendant had a fair and impartial trial and therefore affirm the verdict of the jury and the sentence imposed on the defendant by the court in accordance therewith.

AFFIRMED.