STATE OF NEBRASKA, APPELLEE, v. ROBERT B. RAUE, APPELLANT.

157 N. W. 2d 380

Filed March 15, 1968.    No. 36683.

Robert B. Raue and Donald R. Prinz, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is a proceeding under the Post Conviction Act.

The district court ordered an evidentiary hearing on the issue of whether the defendant's plea of guilty to an amended information charging the offense of second degree murder was voluntarily made. Thereafter the defendant's motion to vacate sentence was overruled and the defendant has appealed.

On October 10, 1961, the defendant was charged with first degree murder committed on October 9, 1961. He was arraigned in the municipal court on October 10, 1961, pleaded not guilty, and waived preliminary examination. On October 17, 1961, an information charging defendant with first degree murder was filed in the district court. Some time in October 1961, counsel was retained for the defendant by his family. On December 19, 1961, an amended information charging the defendant with second degree murder was filed. On that same date, the defendant appeared before the district court with his counsel, entered a plea of guilty to the charge of second degree murder, and was sentenced to life imprisonment.

The defendant's principal complaint is that the plea of guilty on December 19, 1961, was not a voluntary plea on his part, but was the result of pressure exerted by his own attorney, and was made while he was befuddled, unaware of his constitutional rights, the consequences of his plea, and the penalties involved. The defendant's testimony is in direct conflict with the testimony of his former attorney. The defendant's testimony is also in direct conflict with the docket entry of the trial judge who accepted the plea of guilty from the defendant.

The trial court, after an extensive and thorough review of the evidence, found that the defendant's plea of guilty was voluntarily made and not the result of any coercion or promises on the part of his attorney. In a post conviction proceeding, petitioner has the burden of establishing a basis for relief. State v. Snyder, 180 Neb. 787, 146 N. W. 2d 67; State v. Sagaser, 181 Neb. 329, 148 N. W. 2d 206.

The trial court concluded that neither the evidence nor the law supports defendant's allegations of deprivation of constitutional rights. That determination was correct. The judgment is affirmed.

AFFIRMED.