STATE OF NEBRASKA, APPELLEE, V. WILLIE CRENSHAW,
APPELLANT.

161 N. W. 2d 502

Filed October 4, 1968. No. 36805.

A. James McArthur and Willie Crenshaw, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

This post conviction motion, based on a plea of guilt, was denied after an evidentiary hearing. Defendant has appealed. He assigns for error findings that the plea was voluntary.

On February 8, 1965, defendant had pleaded not guilty to a charge of second degree murder. The State reduced the charge on March 1 to manslaughter, to which

defendant pleaded guilty the following day. The court sentenced him on March 25 to 7 years imprisonment. The post conviction motion was filed on July 26, 1966.

The evidence is conflicting. It includes testimony on the witness stand at the post conviction hearing on July 27, 1967, by John W. Gallup, defense counsel retained by defendant in January 1965. The only other witness was defendant, who testified by deposition as follows: Gallup had remained confident of acquittal until February 15 or 20, when he advised defendant to plead guilty to a reduced charge of manslaughter. Judge Murphy, Gallup reported, had indicated the following views of plea and sentence: Plea of guilty of manslaughter, 1 or 2 years; conviction of second degree murder, 25 years to life. Defendant, who was illiterate and innocent, was pressed by Gallup for the plea of guilt every other day until he succumbed.

Gallup contradicted defendant; the plea of guilt had been knowing and voluntary. Reduction of the charge to manslaughter was freely explained by Gallup: "A few days before we were to try it, Mr. Pane (the prosecuting attorney) * * * told me he would reduce the charge to manslaughter in return for a guilty plea. I advised * * * (defendant) and told him to think it over * * *. I told him if we went to trial and he was convicted, then the penalty was 10 years to life; but if he pleaded guilty to manslaughter, it was 10 years and his sentence would be anywhere from 1 to 10. I told him if he went to trial on the second-degree-murder charge, the minimum is 10 and the maximum life."

Findings that are clearly erroneous in a post conviction proceeding will be set aside on appeal. See, State v. Raue, 182 Neb. 735, 157 N. W. 2d 380; State v. Tunender, 182 Neb. 701, 157 N. W. 2d 165, rehearing denied, ante p. 242, 159 N. W. 2d 320 (semble); cf. In re Estate of O'Connor, 105 Neb. 88, 179 N. W. 401, 12 A. L. R. 199. In determining whether district court findings are clearly erroneous, this court takes into con-

sideration the advantage of the district court in hearing oral evidence. Barth v. Metropolitan Life Ins. Co., 137 Neb. 676, 290 N. W. 902; Faulkner v. Simmons, on rehearing, 68 Neb. 299, 94 N. W. 113.

Although the weight of evidence alone is in issue, defendant's brief wholly disregards Gallup's testimony. The record is devoid of a compelling reason for us to believe defendant, and any argument that we must disbelieve Gallup is frivolous. For example, when Gallup testified, the propriety of plea agreements with the prosecuting attorney was not at all clear. See, A.B.A., Standards Relating to Pleas of Guilty, Tent. Dr., § 3.1 (a), Commentary, pp. 60-66 (Feb. 1967); Newman, Conviction, The Determination of Guilt or Innocence Without Trial (1966), pp. 38-42. Gallup's testimony probably reflected commendable courage.

State v. Tunender, *supra,* cited by defendant, is distinguishable; the conflicts of evidence there and here are nowise comparable. The findings in this case are correct.

AFFIRMED.