STATE OF NEBRASKA, APPELLEE, v. GLENN E. COFFEN, JR., APPELLANT.

166 N. W. 2d 593

Filed April 4, 1969. No. 37096.

Van Steenberg, Myers & Burke, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, SMITH, McCOWN, and NEWTON, JJ., and KOKJER, District Judge.

CARTER, J.

This is a civil proceeding under the Post Conviction Act in which the defendant seeks to vacate and set aside his conviction for the crime of breaking and entering and stealing property. After an evidentiary hearing, the trial court denied defendant's motion and defendant has appealed.

On September 12, 1966, the defendant, while awaiting trial on a criminal charge, broke custody and escaped from the county jail of Kimball County. An information was filed against the defendant on three counts as follows: Breaking custody and escaping from the county jail; maliciously damaging or destroying property; and breaking and entering and stealing property of value. The count alleging the malicious damage or destruction of property was dismissed upon restitution for the damage being made. Defendant entered a plea of guilty to the first and third counts of the information. Defendant was sentenced to serve 3 years' imprisonment on each of the two counts, to be served consecutively.

The record discloses that the journal entry filed on October 4, 1966, reciting the facts concerning the sentencing of the defendant, that defendant was sentenced under counts one and two instead of counts one and three. The county attorney filed a motion to correct the journal nunc pro tunc to make it show the actual sentences pronounced at the time of sentencing. The trial docket notes of the presiding judge show that defendant was sentenced to 3 years' imprisonment on each of counts one and three, to be served consecutively.

The error was clearly a clerical mistake proper to be corrected by an order nunc pro tunc. Complaint is made that the judge's trial docket notes were not offered in evidence, but we point out that the judge may take judicial notice of the court's records in the case before him. It is proper for the court by order nunc pro tunc to show on a subsequent date what was in fact done on October 4, 1966. Quinton v. State, 112 Neb. 684, 200 N. W. 881.

On September 10, 1966, a date prior to the commission of the offenses involved in the present case, defendant was arrested and lodged in jail. He alleges that he was not engaged in an unlawful act at the time and that the arrest was unlawfully made. We assume that probable cause for the arrest did not exist and that the officer did not have a warrant as alleged. The trial court excluded this evidence as being immaterial. The ruling of the trial court was correct. The legality of an arrest for a prevoius crime in a previous case has no bearing on subsequent offenses. Even though it might have eventually been determined that a person is wrongfully held in jail, it does not lessen in any degree the jail breaking and the breaking and entering charges subsequently committed. The defendant entered his plea of guilty to both counts one and three. He now contends that his plea was not a voluntary one. The defendant was taken into custody after his escape from jail and the committing of the offense of breaking and entering. He requested the appointment of counsel at state expense and on September 16, 1966, legal counsel was appointed. His counsel interviewed him first on September 19, 1966, and between that date and October 4, 1966, counsel interviewed him on nine occasions. Defendant complains that he was not permitted to hold private conferences with his lawyer except in two or three instances. Defendant's counsel made no complaint. The sheriff testified that defendant was a trouble maker and, having once escaped, he took precautions against a

recurrence. Defendant complains that he was not addressed directly by the court when the effect of a plea of guilty was being explained to him. The record shows that defendant's counsel was asked if he had explained to defendant the possible sentences resulting from a plea of guilty who informed the court that he had. Defendant was then asked by the court if he had been so informed by his counsel and his answer was, "Yes."

Defendant complains that he was coerced into a plea of guilty by the threat of the county attorney that he would otherwise file a habitual criminal charge against him. Defendant had twice been previously convicted of felonies and was subject to such a charge. He states that he gained knowledge of this threat only through his own counsel. The county attorney testified that he had not talked with defendant except during court proceedings in open court, that he had never intended to file a habitual criminal charge, and that he had never told anyone, including defendant's counsel, that such a charge would be made if a plea of guilty was not forthcoming. Defendant's counsel testified and confirmed the county attorney's statement. Defendant's counsel further testified that he explained to defendant that he was subject to such a charge and the complete situation of the sentences that could be imposed, including the possibility of them being imposed consecutively. He further stated that he did not advise the defendant to plead guilty, that no deals were made, or reported by him to the defendant as having been made.

Defendant complains that he was mistreated while in the county jail in that it was allowed to become dirty and filthy and, we assume, it carries the implication that its condition was coercive to a plea of guilty. The evidence shows that the defendant and other inmates deliberately threw cigarette butts and other trash on the floor, threw coffee served them around the place, and became so noisy and belligerent that the sheriff would not let them out of the cell block to clean the place up.

It became necessary to remove many articles from that portion of the jail to still the continuous ruckus going on in the jail. The defendant admitted on the witness stand: "I was raising hell." The dirty condition of the jail was corrected on the departure of the defendant. We know of no rule that permits a person to complain of a condition for which he is entirely responsible.

We have carefully examined this record and find that defendant was fairly treated, that he had the assistance of competent legal counsel, and that there is not a semblance of proof, other than his own self-serving statements, that defendant did not voluntarily enter his plea of guilty to counts one and three of the information. In a post conviction proceeding, the burden of proof is on the defendant to establish a basis for relief, and where such burden is not met, a denial of relief is required. State v. Raue, 182 Neb. 735, 157 N. W. 2d 380. The findings of the trial court are supported by the evidence.

We find no error in the record and the judgment is affirmed.

AFFIRMED.