STATE OF NEBRASKA, APPELLEE, V. JERRY D. RADER, ALSO KNOWN AS DANNY S. O'BRIEN, APPELLANT.

393 N.W.2d 60

Filed September 5, 1986.   No. 85-879.

Arthur C. Toogood, Adams County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

On February 3, 1984, defendant, Jerry D. Rader, also known as Danny S. O'Brien, was serving three concurrent 3-month jail sentences in the Adams County jail. Defendant had been granted a release during the day to work and was required to return to the jail every evening. He did not return to jail on February 3, 1984. He was later arrested in Colorado, in 1985. He refused extradition and was formally extradited and returned to the custody of the Adams County sheriff's office on July 11, 1985. On that day defendant began serving the remaining 78 days of his 3-month jail sentences. Defendant completed serving those sentences on September 12, 1985, and on that day began serving a 30-day jail sentence which had been imposed on an unrelated charge on December 5, 1983.

On July 22, 1985, an information was filed in the district court for Adams County, Nebraska, charging defendant with the crime of escape in violation of Neb. Rev. Stat. § 28-912(1) (Reissue 1985), in that defendant did "unlawfully remove himself from official detention or fail to return to official detention . . . ."

On August 2, 1985, defendant appeared before Judge William G. Cambridge for arraignment on the escape charge and pled not guilty. The judge accepted the plea. Defendant then waived a jury trial and requested trial to the court. The judge then tentatively set the trial for September 9, 1985.

On September 9, 1985, defendant again appeared before Judge Cambridge, who informed defendant that the case "was set for trial to the Court this date." Defendant then moved to withdraw his plea of not guilty with the intention of entering a plea of guilty pursuant to a plea agreement in which the State agreed not to pursue a possible habitual criminal charge. Judge Cambridge granted the motion. Defendant then pled guilty. Judge Cambridge then thoroughly and fully explained to defendant all of his constitutional rights, informed defendant of the possible sentence for the crime, and was informed of the factual basis for the plea. Judge Cambridge found that

defendant understood his rights and had voluntarily waived them. The judge found defendant's plea of guilty was made freely, voluntarily, and knowingly; accepted the plea; found defendant guilty of the charge; ordered a presentence investigation; and continued the matter until the presentence investigation "has been prepared and submitted to the Court."

On October 7, 1985, defendant's counsel filed two motions. The first was a "Motion to Recuse," in which defendant moved

the Honorable William Cambridge to excuse himself from passing sentence in the above entitled action for the reason that the defendant is aware of circumstantial evidence that tends to suggest an appearance of impropriety, leading the defendant to believe that the State of Nebraska procured the assignment of defendant's case to the Honorable William Cambridge despite the custom in Adams County at the end of each six month term to transfer pending criminal cases to the judge presiding in the next term.

The second motion sought a continuance of the sentencing hearing.

On October 11, 1985, all parties appeared before Judge Cambridge pursuant to the court order setting that date as the sentencing date. Defendant's motions were first heard. After the hearing Judge Cambridge denied each motion and then sentenced defendant to a term of not less than 20 months or more than 5 years, with credit for 15 days already served.

Defendant appeals, alleging five assignments of error: (1) That the court erred in overruling appellant's motion to recuse Judge Cambridge; (2) That the court abused its discretion in failing to grant defendant's motion for continuance; (3) That the court erred in failing to grant defendant credit for all time served; (4) That the court erred in failing to place defendant on probation; and (5) That the court erred in imposing an excessive sentence. None of defendant's contentions have merit, and assignments 1, 4, and 5 are totally frivolous. We affirm.

With regard to the issue of the alleged error in the failure of Judge Cambridge to recuse himself, we note that "recuse" has been defined as "to challenge or except to (a judge) as interested or otherwise incompetent" or "to disqualify (oneself) as judge in a particular case." Webster's Third New International

Dictionary, Unabridged 1900 (1981). The statutory grounds for the disqualification of a judge are set out in Neb. Rev. Stat. § 24-315 (Reissue 1985). Defendant does not contend that Judge Cambridge is disqualified under any of the terms of that statute.

Canon 3C of the Code of Judicial Conduct provides in part:

(1) A judge should disqualify himself or herself in a proceeding in which his or her impartiality might reasonably be questioned, including but not limited to instances where:

(a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(b) the judge served as lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it.

Defendant did not specifically attack the impartiality of Judge Cambridge, nor does defendant allege the judge was biased or prejudiced.

Defendant does contend, as set out in his motion, that Judge Cambridge's actions suggested an "appearance of impropriety" in that the judge sentenced defendant in this case on October 11, 1985, "despite the custom in Adams County at the end of each six month term to transfer pending criminal cases to the judge presiding in the next term." Defendant apparently contends that since the sentencing was after September 1, it was Judge Sprague's "turn" to be in Hastings, rather than Judge Cambridge's.

Evidence adduced at the hearing on defendant's motion to recuse indicated that Judge Cambridge, who resides in Hastings, Nebraska, and Judge Bernard Sprague, who resides in Red Cloud, Nebraska, are the two district judges serving the 10th district. Judges in that district have historically rotated throughout the district, with one judge sitting in Adams, Clay, and Webster Counties for one 6-month period and the other in Harlan, Kearney, Phelps, and Franklin for the same period. Judge Cambridge also stated on the record that both he and

Judge Sprague had acted on many occasions in the counties being served by the other judge, in both civil and criminal cases, and that since Judge Sprague had handled Judge Cambridge's workload while Judge Cambridge underwent major surgery in May of 1985, Judge Cambridge sought to help Judge Sprague in all possible ways in taking care of the district's business.

No specific reason is stated why Judge Cambridge's handling of this particular case was improper. Any innuendoes advanced by defendant or his counsel should be, and are, ignored.

Article V, § 12, of the Constitution of the State of Nebraska provides: "The judges of the district court may hold court for each other . . . ." Neb. Rev. Stat. § 24-312 (Reissue 1985) provides: "The district judges may interchange, and hold each other's court . . . ." In a clear effort to aid the smooth handling of the court's business, Judge Cambridge, after he had taken defendant's plea of not guilty, his motion to withdraw that plea, and defendant's plea of guilty, concluded the case by sentencing defendant.

At the hearings on the motion to recuse Judge Cambridge, defendant testified to his solution of this problem of having a judge in Hastings, Nebraska, sentence a defendant in a case in which the Hastings judge had accepted both defendant's not guilty and guilty pleas, but who had been "rotated" at the time of sentencing. Defendant's testimony was as follows:

> Q- You understand, Mr. Rader, by filing this motion it appears as though you are trying to select a Judge?
>
> A- Yes, sir, I do.
>
> Q- Would you have a recommendation regarding the selection of a Judge for your case?
>
> A- I would recommend that the Court notify the state officials, I guess in Lincoln, and have a Judge from out of the County come in and sit and on this case.
>
> Q- Selected by some independent party?
>
> A- Yes, sir.

The absurdity of such testimony is highlighted by the simplicity of the charge against defendant and defendant's past record. Such statements constitute an unwarranted attack on the integrity of the sentencing judge, and, indeed, on all judges.

Defendant is 26 years old. He was first convicted when he

was 18 of a bad check charge and fined. Later in 1978 he was placed on juvenile probation for 1 year for four counts of forgery. He left the Hall County, Nebraska, area, and the juvenile case was closed on January 31, 1979, when defendant reached 19 years of age. In May of 1980 defendant was convicted of a misdemeanor bad check charge, but did not appear for sentencing and the matter was dropped. In February of 1979 defendant was arrested on theft charges. He pled not guilty and left the jurisdiction. He was again arrested on the same charge and his arraignment set for March 5, 1982. He again left the jurisdiction and was arrested in June of 1982 in Salt Lake City, Utah. He was returned to Hall County and sentenced on October 12, 1982, to 6 months' jail time, to be served concurrently with a 1-year sentence on a felony conviction for second offense check charges committed in 1979.

On June 12, 1979, defendant was fined in the State of New York for petit larceny, and on June 20, 1979, defendant was arrested in Hall County, Nebraska, for a Class II misdemeanor theft, but left the area before his arraignment. In October of 1979 defendant was sentenced to 1 year in jail in Marysville, California, on check charges. Between November of 1981 and February of 1982, defendant was arrested on five charges in Adams County and Hall County, Nebraska, and on November 24, 1982, was sentenced to 1 year in the Nebraska Penal Complex. Additional charges were dropped against defendant in Salt Lake City, Utah, after defendant was returned to Nebraska. In addition, Hall County authorities have a hold on defendant for nine felony and two misdemeanor charges pending against defendant.

Additional information before the judge showed that defendant, using the name Scott C. Acklin, had married in Colorado after telling the woman he married a series of false statements about his past. In addition, it appears that defendant had earlier been married in Salt Lake City, Utah, with no showing as to any dissolution of that marriage.

To merely recite these facts is to show the absolute and utter frivolity in defendant's contentions that the district court abused its discretion in failing to place defendant on probation

for this escape charge and that the sentence imposed was excessive. Defendant's fourth and fifth assignments of error are without merit.

With regard to defendant's assignment of error that the court erred in failing to grant a continuance of defendant's sentencing hearing, we hold that an order denying a motion for a continuance of a sentencing hearing will not be disturbed in the absence of a showing of a clear abuse of the court's discretion. See *State v. Otey*, 205 Neb. 90, 287 N.W.2d 36 (1979). There is no abuse of discretion by the court in denying a continuance unless it clearly appears that the defendant suffered prejudice as a result. *State v. Pierce and Wells*, 215 Neb. 512, 340 N.W.2d 122 (1983). Details of the matters defendant wanted to submit to the court were already before the court. There was no abuse of the court's discretion in this case in denying defendant's motion for continuance. Defendant's second assignment of error is without merit.

With regard to defendant's third assignment of error, in which he contends that the court erred in failing to grant defendant credit for all jail time served while awaiting sentencing in this case, we note that defendant was sentenced on October 11, 1985. Up until October 4, 1985, defendant was serving sentences imposed in connection with other offenses long before the sentence in this case. Under our holding in *State v. Knight*, 220 Neb. 666, 371 N.W.2d 317 (1985), the maximum time with which defendant need be credited in this sentence was the time between October 4 and October 11, 1985. The trial court gave defendant 15 days' credit. Defendant received more credit than entitled to, and his assignment of error is without merit.

All in all, it appears that many busy people have been forced to join with defendant in pursuing his hobby of showing utter disdain for our legal system. Defendant's appeal in this case is without merit. The sentence is affirmed.

AFFIRMED.