STATE OF NEBRASKA, APPELLEE, V. STEVEN W. NEARHOOD, APPELLANT.

393 N.W.2d 530

Filed September 26, 1986.    No. 86-195.

Bert E. Blackwell, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Defendant, Steven W. Nearhood, pled guilty to a charge of criminal conspiracy. His subsequent motion to withdraw said plea was overruled. Nearhood was thereafter adjudged guilty as charged and sentenced to imprisonment for a period of 5 to 10 years. He assigns as error (1) the refusal of the district court to permit him to withdraw his plea and (2) the claimed excessiveness of the sentence. Neither assignment having merit, we affirm.

The record demonstrates that Nearhood was originally informed against for attempted escape, criminal conspiracy, and third degree assault. As the result of a plea bargain, the information was amended to charge only that Nearhood engaged in a criminal conspiracy by soliciting another to help

him escape while he was officially detained for a felony and that said other committed an overt act in pursuance of the conspiracy, all in violation of Neb. Rev. Stat. §§ 28-202 and 28-912 (Reissue 1985).

Nearhood first argues that this court may not consider that portion of the bill of exceptions which covers the arraignment proceedings because that testimony had not been transcribed and was not offered in evidence at the hearing held on his motion to withdraw his plea. The argument is without merit.

A court may take judicial notice of the records in the case before it. *State v. Coffen*, 184 Neb. 254, 166 N.W.2d 593 (1969). See, also, *State v. Hunt*, 212 Neb. 304, 322 N.W.2d 624 (1982). The record of the arraignment proceedings existed irrespective of whether it had been transcribed at the time of the hearing on Nearhood's motion to withdraw his plea. Further, whether the district court actually availed itself of that record is unimportant so long as the record as presented to us supports the action of the district court.

The record demonstrates that the trial judge conducted the arraignment in strict accordance with the requirements of *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981), and *State v. Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971). The trial judge informed and examined the defendant concerning the nature of the charge against him; the right to the assistance of counsel; the right to confront the witnesses against him; the right to a trial by jury; the privilege against self-incrimination; and that as a Class III felony the offense called for imprisonment for a minimum of 1 year to a maximum of 20 years, plus a fine of up to $25,000. In addition, Nearhood established a factual basis for the plea by admitting that while he was in the county jail he asked his girlfriend to bring him something he could use to escape and that she brought him a brake tool.

Nearhood nonetheless argues that his plea was not entered freely, intelligently, knowingly, and understandingly, because he had been coerced into entering it by the mistreatment he received at the hands of his jailors.

In *State v. Copple*, 218 Neb. 837, 359 N.W.2d 782 (1984), we held that after the entry of a plea of nolo contendere but before sentencing, a court should allow the defendant to withdraw his

or her plea for any fair and just reason, provided that the prosecution would not be substantially prejudiced by its reliance upon the plea. Since a plea of nolo contendere places a defendant in the same position as a plea of guilty, *State v. Luther*, 213 Neb. 476, 329 N.W.2d 569 (1983), we apply the same standard here.

Nearhood's claims of mistreatment center around the facts that without any due process hearing, he was kept in a segregated cell at the Hitchcock County jail for 14 days prior to entering his plea, during which time he was unable to roam the jail as were the other prisoners; he was not permitted to have visitors; he was not permitted to find a personal physician and be seen by him; his medication was administered by other inmates; and his outgoing mail was censored or perhaps not delivered as promised. The sheriff testified, however, that Nearhood was kept apart from the other prisoners for security reasons.

Whether Nearhood was properly segregated from the other prisoners and whether his privileges were properly curtailed are not material to the inquiry before us. See *O'Rourke v. State*, 166 Neb. 866, 90 N.W.2d 820 (1958). The material question is whether Nearhood has established any "fair and just" reason which would require, absent substantial prejudice to the State, that he be permitted to withdraw his plea. Nearhood argues he has established a fair and just reason because the treatment unbalanced his capacity to the extent that he was incapable of entering a voluntary plea. He rests that premise on the claim that after a period of solitary confinement in 1969, he "kind of went off," as the result of which he was hospitalized. It is his belief that it was the period of solitary confinement which resulted in the hospitalization. The difficulty with that contention is that there is absolutely no psychological or psychiatric evidence which supports his belief nor any evidence that his treatment immediately prior to the subject plea in any way deprived him of the ability to understand and know what he was doing when he pled. In the absence of such evidence, the record simply does not support Nearhood's claim.

The final contention Nearhood makes is that his plea was coerced because the sheriff told him the jail conditions would

improve once he pled guilty to the criminal conspiracy charge. In fact, according to Nearhood, conditions improved immediately after he entered his plea; he was allowed a visitor that very day. The sheriff, on the other hand, denies that he ever discussed Nearhood's plea with him.

The burden is upon the defendant to establish by clear and convincing evidence the grounds for withdrawing a plea. See *State v. Holtan*, 216 Neb. 594, 344 N.W.2d 661 (1984). Moreover, the withdrawal of a plea previously made is addressed to the discretion of the trial court, and its ruling will not be disturbed on appeal absent an abuse of that discretion. See *State v. Holtan, supra*. It cannot be said the trial court abused its discretion by accepting the sheriff's version of the circumstances under which Nearhood entered his plea.

There being no merit to Nearhood's first assignment of error, we consider his second assignment, which claims that the sentence imposed was excessive.

The record, however, belies such a claim. In the first 4 months that Nearhood lived in McCook, Nebraska, he was convicted of four offenses, including operating a motor vehicle without a license, driving while intoxicated, and making a false affidavit on a driver's license application. His adult record also shows at least three prior convictions, one for possession of stolen property and two for theft of credit cards. The parole granted on one of those convictions was revoked because he violated its terms.

As this court has repeatedly stated, in the absence of an abuse of discretion, a sentence imposed within statutory limits will not be disturbed on appeal. *State v. Bridger, ante* p. 250, 388 N.W.2d 831 (1986). As we have seen, the sentence imposed is within statutory limits. We find no abuse of discretion in its imposition.

AFFIRMED.