STATE OF NEBRASKA, APPELLEE, V. ROBERT L. HOFFMAN,
APPELLANT.

401 N.W.2d 683

Filed March 6, 1987. No. 86-089.

Donald A. Fitch, for appellant.

Robert L. Hoffman, pro se.

Robert M. Spire, Attorney General, and Mark D. Starr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Two charges had been filed against Robert L. Hoffman. The first charge was possession of burglar's tools in violation of Neb. Rev. Stat. § 28-508(1)(a) (Reissue 1985), which is a Class IV felony punishable by a maximum sentence of 5 years' imprisonment, a $10,000 fine, or both such fine and imprisonment, with no minimum penalty. Neb. Rev. Stat. § 28-105(1) (Reissue 1985). In a companion case, Hoffman was charged with criminal attempt (burglary) in violation of Neb.

Rev. Stat. § 28-201 (Reissue 1985), which, in this case, was a Class IV felony. The information charging Hoffman with possession of burglar's tools also contained an allegation for the habitual criminal penalty provided in Neb. Rev. Stat. § 29-2221(1) (Reissue 1985).

On September 3, 1985, Hoffman was arraigned in the district court and appeared with his court-appointed attorney. At arraignment, the two informations were read to Hoffman, including the provision regarding the habitual criminal penalty. The court then explained the penalty regarding possession of burglar's tools and attempted burglary and also explained the enhanced penalty concerning the habitual criminal provision. The district court informed the defendant concerning all rights required by *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). When the court asked if Hoffman understood the charges and the penalties, Hoffman answered, "Yeah." Hoffman entered his plea of "not guilty" to each information. The court then set Hoffman's cases for trial.

On November 13, 1985, Hoffman and his attorney again appeared in the district court, this time to change his plea as the result of a plea bargain reached with the State. By the plea bargain, the State dismissed the charge of attempted burglary and dismissed the habitual criminal provision in the information charging Hoffman with possession of burglar's tools. When the district court asked if the plea bargain was as represented by the county attorney to the court, Hoffman answered, "Yeah." The court elicited and found that there was a factual basis for Hoffman's plea of no contest. Also, Hoffman verified that he had been advised of his "constitutional rights" at the time of arraignment, when he entered a plea of not guilty. Hoffman was informed by the court that his plea of no contest was, in effect, a plea of guilty for the purpose of the charge against Hoffman and that only sentencing remained. Hoffman said he understood that fact. Hoffman informed the court that he had sufficient time to confer with his attorney regarding the plea bargain and was ready to enter a "no contest" plea as required by the plea bargain. The court then determined that Hoffman's plea was being entered voluntarily, intelligently, and understandingly and, therefore, accepted Hoffman's plea of no

contest to the charge of possession of burglar's tools. The court deferred sentencing until a presentence report was submitted.

On December 17, 1985, Hoffman appeared before the district court for sentencing, again represented by his court-appointed counsel. The district court asked Hoffman and his court-appointed counsel if they were prepared to proceed, and the following occurred:

> [Hoffman]: I'm going to object right now. I'm withdrawing my plea and I want this guy to dismiss as counsel.

> [Hoffman's counsel]: Your Honor, I have been advised this morning by Mr. Hoffman that he wanted to withdraw his plea. I have indicated I would bring that to the attention of the Court. I have been advised approximately 30 seconds ago to dismiss as his counsel. I have an obligation to the Court to continue to represent him and I will do so. I believe you have the right to inquire of him as to both of his desires here and I would ask that you do that for purposes of the record.

When the court asked why Hoffman no longer wanted his court-appointed attorney, Hoffman answered: "Because he and the sheriff and the deputy get away with all of that shit that's going on downstairs. I laid downstairs with these handcuffs and shackles on all dam night and all dam day, and I haven't done any dam thing. I ain't done nothing."

Then, when the court asked specifically about anything which Hoffman's attorney had failed to do, or about legal representation in the proceedings, Hoffman said: "It's been inadequate. That's what." The court then asked: "In what regard, sir?" Hoffman answered: "He ain't did a lot of the stuff, man." The court found there was no good and sufficient reason shown by Hoffman for discharge of Hoffman's court-appointed counsel. The court then inquired of Hoffman regarding the basis for his requested withdrawal of his plea; Hoffman answered: "Because I feel I've been coerced into the mother . . . by the sheriff, the sheriff's deputy and my attorney, and this county attorney, deputy county attorney too." When the court asked, "Is there anything further as far as your request to withdraw your plea is concerned?" Hoffman

answered, "Nope." The court then refused to allow Hoffman to withdraw the plea of no contest. After reviewing the presentence report with Hoffman and his attorney, the court sentenced Hoffman to imprisonment for a term of 16 to 48 months and did not give Hoffman credit for the time incarcerated before sentencing, which amounted to 190 days. Substitute counsel was appointed for the purpose of Hoffman's appeal to this court.

In his appeal, Hoffman claims that the district court failed to inform him of his constitutional rights and the effect of his plea of no contest, that the court erred in its finding that Hoffman's plea was made knowingly, intelligently, and voluntarily, that the court erred in refusing to dismiss the court-appointed attorney and permit withdrawal of Hoffman's plea of no contest, and that the court erred in failing to give him credit for the 190 days' jail time served in the Dakota County jail.

Upon our review of the record, we find that, as a result of Hoffman's appearances in the district court on September 3 and November 13, 1985, Hoffman was informed of all the rights to be explained by the admonition required in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). In *State v. Tharp, ante* p. 126, 129-30, 395 N.W.2d 762, 765 (1986), we stated: "[O]nce a defendant has been informed of his right to counsel, there is no requirement that the same information be conveyed to a defendant on each subsequent court appearance." The same rule applies to all the admonitions required to be given a defendant under *State v. Irish, supra.* The record clearly establishes that, when the appearances of Hoffman before the district court on September 3 and November 13 are considered together, all the rights required under *Irish* were stated to Hoffman. Also, the record establishes that Hoffman's plea of no contest was knowingly, understandingly, and voluntarily entered. Therefore, there is no merit to Hoffman's claims that he was not informed about his rights, required by *State v. Irish, supra*, and that the district court erred in finding that Hoffman's plea was made knowingly, intelligently, and voluntarily.

In *State v. Nearhood*, 223 Neb. 768, 393 N.W.2d 530 (1986), this court examined a defendant's alleged claim of mistreatment

in relation to a defendant's request to withdraw a plea of guilty before sentence was imposed. In *Nearhood*, we stated:

Nearhood's claims of mistreatment center around the facts that without any due process hearing, he was kept in a segregated cell at the Hitchcock County jail for 14 days prior to entering his plea, during which time he was unable to roam the jail as were the other prisoners; he was not permitted to have visitors; he was not permitted to find a personal physician and be seen by him; his medication was administered by other inmates; and his outgoing mail was censored or perhaps not delivered as promised. The sheriff testified, however, that Nearhood was kept apart from the other prisoners for security reasons.

Whether Nearhood was properly segregated from the other prisoners and whether his privileges were properly curtailed are not material to the inquiry before us. See *O'Rourke v. State*, 166 Neb. 866, 90 N.W.2d 820 (1958). The material question is whether Nearhood has established any "fair and just" reason which would require, absent substantial prejudice to the State, that he be permitted to withdraw his plea.

223 Neb. at 770, 393 N.W.2d at 532.

As further stated in *State v. Nearhood, supra*, "[A]fter the entry of a plea of nolo contendere but before sentencing, a court should allow the defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution would not be substantially prejudiced by its reliance upon the plea." 223 Neb. at 769-70, 393 N.W.2d at 532. See, also, *State v. Copple*, 218 Neb. 837, 359 N.W.2d 782 (1984). "The burden is upon the defendant to establish by clear and convincing evidence the grounds for withdrawing a plea." *State v. Nearhood, supra* at 771, 393 N.W.2d at 533. " 'The right to withdraw a plea previously entered is not absolute, and in the absence of a clear abuse of discretion exercised by the trial judge, [the denial of withdrawal] will not be disturbed on appeal.' " *State v. Dixon*, 223 Neb. 316, 321, 389 N.W.2d 307, 310 (1986). We find no abuse of discretion in the district court's refusal to allow Hoffman to withdraw his plea. There is no merit to Hoffman's claim that the district court erred in

refusing to allow withdrawal of Hoffman's plea of no contest.

"  '[T]he right of an indigent defendant to have counsel does not give him the right to be represented by counsel of his own choosing, and mere distrust of, or dissatisfaction with, appointed counsel is not enough to secure the appointment of substitute counsel. . . .' " *State v. Clark*, 216 Neb. 49, 57-58, 342 N.W.2d 366, 371 (1983) (quoting from *State v. Jones*, 213 Neb. 1, 328 N.W.2d 166 (1982)). Based on the record presented to this court, we find no error in the district court's refusal to discharge Hoffman's attorney in the trial court.

However, as conceded by the State, there is merit to Hoffman's claim that the district court committed error in failing to credit Hoffman's sentence with the 190 days Hoffman was incarcerated pending trial and sentencing in Dakota County. If the 190-day jail time is added to the minimum sentence imposed in this case, it would be equivalent to a 22-month, 10-day minimum term. According to Neb. Rev. Stat. § 83-1,105 (Reissue 1981), the minimum term imposed can be no greater than one-third the maximum term provided by law. In this case, that would mean the minimum term imposed could not exceed 20 months (one-third of 5 years).

As we have stated in *State v. Knight*, 220 Neb. 666, 667-68, 371 N.W.2d 317, 319 (1985):

> [T]he court's discretion in withholding credit for jail time cannot be used to impose sentences in violation of Neb. Rev. Stat. § 83-1,105(1) (Reissue 1981) [which] requires that in imposing an indeterminate sentence "the minimum limit fixed by the court shall not be . . . more than one-third of the maximum term. . . ."

Therefore, the minimum term of Hoffman's sentence must be reduced by 70 days. Therefore, we modify the judgment of the district court to the effect that 70 days are deducted from the minimum term of imprisonment imposed on Hoffman.

AFFIRMED AS MODIFIED.