REQUESTED BY: Tanya D. Wendel, Executive Director Nebraska Commission for the Hearing Impaired
You have requested our opinion regarding whether sign language interpreters may be subpoenaed and required to interpret before a court. You have also requested our opinion regarding whether communication conveyed between a deaf person and a sign language interpreter can be considered privileged.
In civil and criminal matters before a court, subpoenas may be issued upon persons to appear in court and testify. In a civil proceeding, Neb. Rev. Stat. § 25-1224 (Reissue 1995) provides, in pertinent part:
 The subpoena shall be directed to the person therein named, requiring him to attend at a particular time and place, to testify as a witness; and it may contain a clause directing the witness to bring with him any book, writing, or other thing under his control, which he is bound by law to produce as evidence. (Emphasis Added)
Statutory language should generally be given its plain and ordinary meaning and where the words of the statute are plain, direct, and unambiguous, no interpretation is necessary to ascertain their meaning. Sorenson v. Meyer, 220 Neb. 457,370 N.W.2d 173 (1985). "In the construction of a statute, no sentence, clause, or word should be rejected as meaningless or superfluous; rather, the plain and ordinary meaning of the language employed should be taken into account in order to determine the legislative will." Weiss v. Union Ins. Co.,202 Neb. 469, 473, 276 N.W.2d 88, 92 (1979). The language in Neb. Rev. Stat. § 25-1224 (1995) is clear and unambiguous — a subpoena shall be served to a person to testify as a witness. The ordinary definition of witness is one who can attest to a fact, statement, or can offer a firsthand account of something. The language of section 25-1224 suggests that the intent of the Legislature was to allow subpoenas to be issued to witnesses only, not persons in general.
In criminal matters, writs of subpoenas for all witnesses named in the praecipe shall be issued. Neb. Rev. Stat §29-1901 (1995). Once again, the language of Section 29-1901 is very clear that subpoenas may be issued for witnesses, not persons in general. In fact, a court may require a showing of what testimony may be expected of prospective witnesses before entry of order for compulsory process. O'Rourke v. State,166 Neb. 866, 90 N.W.2d 820 (1958).
Since Nebraska statutory law requires that subpoenas are only issued to witnesses rather than the general public, subpoenas are proper when served upon a person who can meet the ordinary definition of a witness and has relevant knowledge regarding a particular issue related to the case at hand. Thus, if a sign language interpreter does not have direct knowledge concerning a particular issue, then a court could not issue a subpoena to order the interpreter's appearance.
Thus, we conclude that a sign language interpreter could not be subpoenaed and required to interpret for a court.
We now turn to the question of whether information that is conveyed by a deaf person through the use of a sign language interpreter should be considered privileged.
In Nebraska, privileged communications are only available as specifically provided by the Constitution of the United States or of the State of Nebraska, or by an Act of Congress or of the Legislature of the State of Nebraska. Neb. Rev. Stat. §27-501 (1995). The Nebraska Legislature has provided a privilege for communications between a lawyer and client, physician and patient, husband and wife, and finally between a person and clergyman. Neb. Rev. Stat. § 27-503 to § 27-506. A privilege for communications between a deaf person and a sign language interpreter has not been recognized by the Legislature. Neither does Nebraska case law create or recognize any such privilege.
If a deaf person and a sign language interpreter communicated in a context within one of the recognized privileges, then the communication would be privileged. For example, communication between a deaf person, a sign language interpreter, and a clergyman would be privileged if the communication were private and not intended for further disclosure. Neb. Rev. Stat. § 27-506(1)(b) (1995). Section27-506(1)(b) affords an exception to the confidentiality requirement by allowing persons present who are necessary in furtherance of the communication such as a sign language interpreter. The privilege would also apply to communications between a deaf person, a sign language interpreter, and a physician or attorney. In the lawyer-client privilege and the physician-patient privilege, an exception is made to the confidentiality requirement to the extent that persons that are reasonably necessary for the transmission of the communication may be present. Neb. Rev. Stat. § 27-503(1)(d) (1995); Neb. Rev. Stat. § 27-504(1)(e). Absent the communication falling into the lawyer-client, physician-patient, or clergyman privilege, we conclude that communication between a deaf person and a sign language interpreter would not be considered privileged.
In sum, we conclude that a sign language interpreter could not be subpoenaed and required to interpret upon a request from a court. We also conclude that information conveyed by a deaf person through the use of a sign language interpreter would not be privileged unless the communication fell within the lawyer-client, physician-patient, or clergyman privilege.
Very truly yours,
 DON STENBERG Attorney General
 Melanie J. Whittamore-Mantzios Assistant Attorney General
APPROVED BY:
Don Stenberg 
Attorney General