STATE OF NEBRASKA, APPELLEE, V. PETER WADE SUFFREDINI, APPELLANT.

397 N.W.2d 51

Filed December 5, 1986.    No. 86-595.

Kent E. Florom, Lincoln County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Defendant, Peter Wade Suffredini, pled no contest to second degree murder in violation of Neb. Rev. Stat. § 28-304 (Reissue 1985), to robbery in violation of Neb. Rev. Stat. § 28-324 (Reissue 1985), and to the use of a firearm to commit a felony in violation of Neb. Rev. Stat. § 28-1205 (Reissue 1985). The trial court found defendant guilty on each count, scheduled a sentencing hearing, and ordered a presentence investigation. At the sentencing hearing defendant moved to withdraw his plea. The motion was denied, and defendant was sentenced to life imprisonment on the murder charge, to imprisonment for not less than 15 nor more than 45 years on the robbery charge, to be served consecutively to the sentence for murder, and to imprisonment for not less than 5 nor more than 15 years on the use of a firearm charge, to be served consecutively to the other two sentences. Defendant assigns as errors the trial court's (1) failure to permit him to withdraw his pleas and (2) imposition of sentences which are claimed to be excessive. We affirm.

Defendant was originally charged with first degree murder in violation of Neb. Rev. Stat. § 28-303 (Reissue 1985), with the use of a firearm to commit a felony, and with "Theft by Receiving, value over $1,000," apparently as a violation of Neb. Rev. Stat. § 28-517 (Reissue 1985). As the result of a plea bargain, the charges were amended, and defendant pled as stated earlier.

Before accepting the defendant's pleas, the county attorney,

upon the trial judge's inquiry, stated that on April 27, 1986, the body of Samuel Coker was found immediately outside the door of the men's restroom at a rest area along the Interstate in Lincoln County, Nebraska. The victim had been shot five times.

A witness at the scene told law enforcement officers that a man in his early 20s had recently left the area in an automobile bearing a California license plate. An automobile matching the description of the one given by the witness was found at a motel, and a license plate check revealed that it had been stolen. A check of the registration at the motel disclosed that a man matching the description given by the witness had checked into the motel that evening. Officers entered the room registered to defendant and found him there. They discovered shoes in the room with blood on them which matched that of the victim. The officers also found a .22-caliber pistol with a small amount of blood on it under the mattress of the bed on which defendant was lying. While the amount of blood on the gun was not sufficient to positively identify it as that of the victim, there was sufficient blood to demonstrate it was of the same type as the victim's.

Further investigation developed that the victim had possessed a personalized billfold, made by his sister, on which the name "Sam" had been imprinted, and that the victim had been paid shortly before he was killed and would have been carrying between $180 and $240. Defendant had $188 in his possession when he was found by the officers and had paid approximately $20 in cash for the motel room. The cashless personalized billfold was found in Lincoln County. Located beside the billfold were five spent cases for .22-caliber ammunition. The Nebraska State Patrol subsequently determined that the .22-caliber cases found alongside the billfold had been fired from the weapon found in defendant's possession.

Defendant told the court he did not contest any of the foregoing statements.

Defendant's argument in connection with his first assignment of error, that he should have been permitted to withdraw his no contest pleas, rests on five grounds, each of

which was specifically found not to exist by the trial court. In reviewing this assignment of error we bear in mind that the withdrawal of a plea is a matter addressed to the discretion of the trial court and that the trial court's ruling will not be disturbed on appeal absent an abuse of that discretion. *State v. Nearhood*, 223 Neb. 768, 393 N.W.2d 530 (1986).

The first ground asserted by defendant is that the pleas are not supported by the facts. Since there is no question but that a factual basis for a plea may be determined from the statements of the county attorney, *State v. Irish,* 223 Neb. 814, 394 N.W.2d 879 (1986), this assertion is without merit. The county attorney's uncontradicted recitation of the facts underlying the charges supports beyond a reasonable doubt the conclusions that defendant intentionally caused the victim's death as required for a violation of § 28-304, that defendant stole the victim's money by taking it through force, violence, or fear as required for a violation of § 28-324, and that defendant used a firearm to commit the foregoing felonies as required for a violation of § 28-1205.

Next, defendant asserts that he did not understand the ramifications of entering no contest pleas. The trial judge explained to defendant the elements the State was required to prove beyond a reasonable doubt in each crime charged and, by examining defendant, demonstrated that defendant understood the nature of the crimes with which he was charged, as well as his rights to the assistance of counsel, to confront the witnesses against him, to a trial by jury, and his privilege against self-incrimination. The possible penalties for each offense were read to the defendant, and, as we have already seen, there was a factual basis for the pleas. Thus, the arraignment at which the subject pleas were entered complies fully with the requirements of *State v. Irish, supra*. The record therefore establishes that defendant's no contest pleas were entered freely, intelligently, voluntarily, and understandingly.

Defendant's third ground rests on the claim that he did not understand that the sentences imposed on each count could be required to be served consecutively. It is to be noted that there is no requirement that a defendant be informed that a sentence which need not be imposed consecutively to any other may

nonetheless, in the sentencing judge's discretion, be so imposed. *State v. Irish, supra.* Whether a defendant has a right to be told of the mandatory consecutive nature of a sentence imposed for the use of a firearm to commit a felony, § 28-1205, need not be, and therefore is not, decided, for the trial judge did so advise this defendant. The trial judge carefully explained that while the murder and robbery sentences could, in his discretion, be imposed so as to run concurrently, they could also be made to "run one after the other," or "consecutively." The trial judge further explained that he, however, had no discretion but to impose the sentence on the use of a firearm charge so as to "run consecutive; in other words, after any sentence imposed" on the murder and robbery charges. Thus, the record once again gainsays defendant's claim.

Defendant's fourth ground is that the State made no concession in the plea bargain because it had "no case" of first degree murder. Not only does defendant not cite any authority which requires that a plea bargain be supported by a concession on the part of the State, but defendant's premise that he received no concession is wrong. One of the ways to commit first degree murder is to kill while in the perpetration of a robbery. § 28-303(2). The factual basis for the plea establishes beyond a reasonable doubt that such is exactly what happened. The penalty for first degree murder ranges from life imprisonment to death, Neb. Rev. Stat. §§ 28-105 (Reissue 1985) and 28-303; the penalty for second degree murder ranges from 10 years' imprisonment to life, §§ 28-105 and 28-304. Thus, the plea bargain removed the possibility that defendant would be sentenced to death. By any measure, that is no small concession, even if the State, under the original complaint, would have succeeded in proving only a Class I misdemeanor theft of more than $100 but less than $300 under the "Theft by Receiving" charge and thus subjected defendant to a maximum of 1 year's imprisonment on that count. Neb. Rev. Stat. §§ 28-106 and 28-518(3) (Reissue 1985).

As to the fifth and final ground in connection with the first assignment of error, defendant urges that the plea does not meet "the ends of justice." Such a claim is so vague and indefinite as to have no meaning. The controlling rule is that after the entry

of a plea of no contest but before sentencing, a court should allow the defendant to withdraw his or her plea for any fair and just reason, provided the prosecution would not be substantially prejudiced by its reliance upon the plea. *State v. Nearhood*, 223 Neb. 768, 393 N.W.2d 530 (1986); *State v. Dixon*, 223 Neb. 316, 389 N.W.2d 307 (1986); *State v. Copple*, 218 Neb. 837, 359 N.W.2d 782 (1984). As we have seen, defendant has not only not shown any "fair and just" reason to withdraw his plea, he has shown no reason at all. Under that circumstance it certainly cannot be said the trial court abused its discretion in refusing defendant's motion to withdraw his plea.

That brings us to defendant's second assignment of error, the claim that the sentence is excessive. Defendant argues that he should be treated leniently because he pled no contest. While it is true that a more severe punishment cannot be exacted because a defendant pleads not guilty and puts the State to the expense of a trial, *State v. Winsley*, 223 Neb. 788, 393 N.W.2d 723 (1986), a defendant nonetheless has no absolute right to a reduced sentence because he saves the State the expense of going to trial. See, for example, *State v. Copple, supra*, wherein defendant's no contest plea did not disturb this court's longstanding maxim that a sentence imposed within statutory limits will not be disturbed on appeal, absent an abuse of discretion. *State v. Cain*, 223 Neb. 796, 393 N.W.2d 727 (1986).

Although the 26-year-old defendant has not previously been convicted of a felony, there are New York warrants outstanding against him for grand larceny, forgery, and falsifying business records as the result of the theft and sale of his girlfriend's automobile. However, irrespective of defendant's past record, the crimes which are the subject of this review were sufficiently senseless, violent, and brutal to more than justify the sentences imposed.

Since defendant's assignments of error are not sustained by the record, the judgments and sentences of the district court are affirmed.

AFFIRMED.