IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. GONZALES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CHRISTOPHER J. GONZALES, JR., APPELLANT.

Filed March 5, 2024.    No. A-23-887.

Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Affirmed.

Anne E. Brown, of Morrow, Poppe, Watermeier & Lonowski, P.C., for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

RIEDMANN, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Christopher J. Gonzales, Jr., appeals his plea-based convictions of theft by unlawful taking ($500-$1,500), attempted failure to appear, and false reporting. He contends that: (1) the sentences imposed were excessive and (2) that his trial counsel was ineffective in (a) failing to adequately communicate with and meet with him and (b) failing to depose the State's witnesses, including the victims, to ascertain their credibility in recounting Gonzales' involvement in trafficking activity. For the reasons set forth herein, we affirm.

### STATEMENT OF FACTS

Gonzales was initially charged with theft by unlawful taking ($1,500-$5,000), a Class IV felony. After Gonzales failed to appear for his arraignment, the court issued a bench warrant for Gonzales' arrest. Thereafter, pursuant to a plea agreement, Gonzales pled no contest to theft by unlawful taking ($500-$1,500), attempted failure to appear, and false reporting, all Class I

misdemeanors. As part of the plea agreement, the State also agreed not to file any further felony charges for Gonzales' failure to appear.

The factual basis provided by the State set forth that the victim reported that the car he drives, which was owned by his guardians, was stolen between 8 p.m. on February 17 until 9 a.m. on February 18, 2023. The following day, the stolen car was observed in downtown Lincoln, Nebraska. Officers stopped the car and contacted the occupants. Gonzales was a passenger in the car. During a search incident to arrest, officers found the keys to the stolen car in Gonzales' pocket. The driver of the stolen car told officers that Gonzales had picked her up in the car that he "borrowed" from someone. The value of the car was between $500 and $1,500. After being charged with felony theft in the Lancaster County Court, Gonzales was granted bail. However, after failing to appear at his July 19, 2023, arraignment in district court, a bench warrant was issued for his arrest. On August 9, officers who were responding to a report of a suspicious person, contacted Gonzales. During this interaction, Gonzales initially told officers that his name was "John Garcia" and provided a date of birth of April 13, 1967. Gonzales' actual date of birth was in May 1968.

At the sentencing hearing, the district court stated:

I do take into consideration the fact that . . . you did receive a generous plea offer in this case. Also, the fact that you have a substantial criminal history. You have both felony and misdemeanor [convictions] involving . . . multiple incarcerations.

Your views on the offenses in this matter and the fact that these three offenses were, in fact, three separate offenses.

Having regard for the nature and circumstances of your crimes, the history, character, and condition of the defendant, the Court finds that imprisonment of the defendant is necessary for the protection of the public because the risk is substantial that during any period of probation the defendant would engage in additional criminal conduct and because a lesser sentence would depreciate the serious[ness] of the defendant's crime and promote disrespect for the law.

The district court sentenced Gonzales to 365 days' imprisonment for each of the three convictions. The court ordered the sentences to be served consecutively to each other and to any other sentence that Gonzales was currently serving. The court also granted Gonzales credit for 14 days served. Gonzales has timely appealed and is represented by new counsel in this direct appeal.

ASSIGNMENTS OF ERROR

Gonzales contends that: (1) the sentences imposed were excessive and (2) his trial counsel was ineffective in (a) failing to adequately communicate with and meet with him and (b) failing to depose the State's witnesses, including the victims, to ascertain their credibility in recounting Gonzales' involvement in trafficking activity.

STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Alkazahy*, 314 Neb. 406, 990 N.W.2d 740 (2023).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirements. *State v. Warner*, 312 Neb. 116, 977 N.W.2d 904 (2022); *State v. Betts*, 31 Neb. App. 737, 989 N.W.2d 441 (2023). An appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *State v. Warner, supra*; *State v. Betts, supra*.

ANALYSIS

EXCESSIVE SENTENCES

Gonzales first assigns as error that the district court abused its discretion in imposing excessive sentences. Specifically, he contends that the court should have more heavily weighed the fact that he pled no contest, which saved the State the time and expense of a trial, and that the imposition of consecutive sentences that "removed [him] from society and [his] minor children in order to protect the public . . . is not warranted." Brief for appellant at 14.

Here, Gonzales pled no contest to three Class I misdemeanors: theft by unlawful taking ($500 to $1,500), attempted failure to appear, and false reporting. See, Neb. Rev. Stat. § 28-511 (Reissue 2016) (theft by unlawful taking); Neb. Rev. Stat. § 28-518(3) (Reissue 2016) (grading of theft offenses); Neb. Rev. Stat. § 28-201(4)(e) (Reissue 2016) (criminal attempt); Neb. Rev. Stat. § 29-908 (Reissue 2016) (failure to appear); Neb. Rev. Stat. § 28-907 Cum. Supp. 2022) (false reporting). His sentences of 365 days' imprisonment are within the statutory sentencing range for Class I misdemeanors, which are punishable by a minimum of no imprisonment and a maximum of 1 year of imprisonment and/or a $1,000 fine. See Neb. Rev. Stat. § 28-106 (Reissue 2016).

When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

In the instant case, the district court considered facts set forth in the presentence investigation report including that Gonzales was 55 years old, had obtained his GED, was divorced, and had five dependents. Gonzales had a substantial criminal history including eight convictions for driving under suspension; three convictions for failure to appear; two convictions each for assault, third degree assault, and disturbing the peace; and convictions for possession of cocaine with the intent to distribute, possession of methamphetamine, attempted possession of methamphetamine with the intent to deliver, driving under the influence, third offense driving under the influence, violation of a protection order, attempted violation of a harassment protection

order, trespassing, theft by shoplifting ($200-$500), flight to avoid a felony arrest, and making a false statement to a police officer, as well as numerous other traffic and minor offenses. The level of service/case management inventory assessed Gonzales as a very high risk to reoffend. Gonzales also had a history of drug and alcohol use which had resulted in convictions and Gonzales admitted to using methamphetamine on a daily basis prior to his incarceration in the instant case.

Based upon factors including that the sentences imposed were within the statutory sentencing range, the benefit that Gonzales received from his plea agreement, his criminal history, and his very high risk to reoffend, the sentences imposed were not an abuse of discretion. And, regarding Gonzales' claim that the district court erred in failing to place sufficient weight on the fact that he entered a no contest plea to the charges, which saved the State time and money, we note that although a defendant may not receive a more severe sentence because he or she pled not guilty and put the State to the expense of a trial, a defendant nonetheless has no absolute right to a reduced sentence because the defendant saves the State the expense of going to trial. *State v. Suffredini*, 224 Neb. 220, 397 N.W.2d 51 (1986). Further, a sentencing court is not required to articulate on the record that it has considered each sentencing factor nor to make specific findings as to the facts pertaining to the factors or the weight given them. *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021).

We also find no abuse of discretion in the district court's decision to impose consecutive sentences. It is within the discretion of the trial court whether to impose probation or incarceration, and an appellate court will uphold the court's decision denying probation absent an abuse of discretion. *State v. Wills*, 285 Neb. 260, 826 N.W.2d 581 (2013); *State v. Montoya*, 29 Neb. App. 563, 957 N.W.2d 190 (2021). Accordingly, this assignment of error fails.

INEFFECTIVE ASSISTANCE OF COUNSEL

Gonzales next contends that his trial counsel was ineffective in failing to adequately communicate with and meet with him and that trial counsel was ineffective in failing to depose the State's witnesses, including the victims, to ascertain their credibility in recounting Gonzales' involvement in trafficking activity. However, we decline to consider his claim that trial counsel was ineffective in failing to depose the State's witnesses because he failed to argue this assigned error in his brief. To be considered by an appellate court, the party asserting the alleged error must both specifically assign and specifically argue the error in the party's initial brief. *State v. Garcia*, 315 Neb. 74, 994 N.W.2d 610 (2023).

As this court recently stated in *State v. Betts*, 31 Neb. App. 737, 745-46, 989 N.W.2d 441, 448 (2023):

> To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Lessley*, 312 Neb. 316, 978 N.W.2d 620 (2022). To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been

different. *State v. Lessley, supra*. When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Warner, supra*. The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id.* The determining factor is whether the record is sufficient to adequately review the question. *Id.* Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

During the plea hearing, the court recessed to allow Gonzales and his trial counsel to talk about the charged offenses. After the hearing resumed, the following colloquy occurred between the court and Gonzales:

THE COURT: We're back on the record . . . Mr. Gonzales, have you had an opportunity to talk with your lawyer about these plea proceedings?

[Gonzales]: Yes, I have, Your Honor.

THE COURT: Did she explain these charges to you together with the rights that we've been discussing?

[Gonzales]: Yes, Your Honor.

THE COURT: Did she also discuss with you all of the possible defenses to these charges that you might have if you were to have a trial?

[Gonzales]: Yes. Yes, she did.

THE COURT: Are there any defenses that you feel that you may have, or any facts about your case that you think might be helpful to your defense that you've not already discussed with your lawyer?

[Gonzales]: No there's not.

THE COURT: In fact, have you told her everything that you know about your case so that she can represent you properly?

[Gonzales]: Yes.

THE COURT: Are you satisfied with the job that she's done as your attorney?

[Gonzales]: Yes.

THE COURT: Do you feel that she's a competent lawyer, she knows what he's doing?

[Gonzales]: Yes, I do.

THE COURT: Have you had enough time to talk with her about your case?

[Gonzales]: Yes, I have.

Thus, during the plea hearing, Gonzales affirmed that he and his trial counsel had discussed all of the possible defenses to the charges against him, that there were no facts or possible defenses that he had not already discussed with his counsel, and that he had told his counsel everything about his case. He further admitted that he had been given sufficient time to discuss his case with trial counsel and was satisfied with trial counsel's performance. See, *State v. Vanness*, 300 Neb. 159, 912 N.W.2d 736 (2018) (finding ineffective assistance of counsel claim refuted by defendant's statements to court during plea colloquy); *State v. Liner*, 24 Neb. App. 311, 886 N.W.2d 311 (2016) (record affirmatively demonstrates defendant was not coerced or threatened into accepting plea bargain given testimony to that effect during plea hearing). Where the record refutes a claim of ineffective assistance of counsel, no recovery may be had. See, *State v. Vo*, 279 Neb. 964, 783 N.W.2d 416 (2010); *State v. Liner, supra*. Because the record refutes Gonzales' claim, this assigned error fails.

## CONCLUSION

Having found no error relating to Gonzales' pleas and sentences, we affirm.

AFFIRMED.