IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BUSSINGER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SHAYLA K. BUSSINGER, APPELLANT.

Filed June 11, 2024.    No. A-23-949.

Appeal from the District Court for Saline County: DAVID J. A. BARGEN, Judge. Affirmed.

Tad D. Eickman for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

MOORE, BISHOP, and ARTERBURN, Judges.

ARTERBURN, Judge.

## I. INTRODUCTION

Shayla K. Bussinger appeals her plea-based conviction for theft by receiving stolen property (between $500 and $1,500), a Class I misdemeanor. On appeal, she contends that she received ineffective assistance of counsel in several respects and that the district court for Saline County imposed an excessive sentence. Upon our review, we affirm Bussinger's conviction and sentence.

## II. BACKGROUND

In April 2023, the State filed a complaint in the Saline County Court charging Bussinger with two counts: (1) criminal possession of a financial transaction device, a Class IV felony, and (2) unauthorized use of a financial transaction device, a Class I misdemeanor. After a preliminary hearing, the county court determined that probable cause existed and transferred the case to the district court for trial.

- 1 -

On August 30, 2023, the State filed an information in the district court charging Bussinger with the same two counts listed in the county court complaint. Bussinger filed a plea in abatement, arguing that the State failed to establish probable cause during the preliminary hearing in the county court. Bussinger specifically argued that the State failed to present: (1) evidence that the crime Bussinger was accused of committing was in fact committed, and (2) sworn testimony on all elements of the crime. Bussinger requested a hearing and asked the district court to dismiss all pending charges. Before any action was taken regarding Bussinger's plea in abatement, a plea agreement was reached between the parties. Pursuant to the agreement, the State filed an amended information charging Bussinger with one count of theft by receiving stolen property (between $500 and $1,500), a Class I misdemeanor. All other charges were dismissed.

In October 2023, a plea hearing was held. The hearing was originally scheduled as a request to surrender bond in which Bussinger would appear virtually. However, Bussinger was transported to the district court by mistake. Because Bussinger was physically present, her counsel and the State requested to enter her plea that day as well. The court granted the parties a short recess to prepare for the plea proceedings.

After the recess, Bussinger's counsel confirmed that a plea agreement had been reached and that as part of the agreement, Bussinger was requesting to withdraw her plea in abatement. The court granted Bussinger's request, and the plea in abatement was withdrawn. The court then turned its attention to Bussinger. Bussinger confirmed that she heard and understood the terms of the plea agreement and had enough time to discuss the agreement with her attorney. She also confirmed that she had enough time to speak with her attorney about the case generally and that she was satisfied with her attorney's work in the case. Bussinger acknowledged that a sentencing recommendation was not binding on the court and that she was pleading to a Class I misdemeanor which carries a maximum sentence of 1 year imprisonment, or a $1,000 fine, or both. Bussinger stated that she understood her rights and freely and voluntarily waived them.

Pursuant to the plea agreement, Bussinger pled guilty to the theft charge. When the court inquired about the State's factual basis, Bussinger's counsel stated that Bussinger would stipulate to the factual basis included in the forthcoming presentence investigation report (PSR). Bussinger confirmed that she had heard what the State believed the evidence would have been had the case gone to trial. The PSR, which was not available at the plea hearing, stated: "Using cell phone records and locations, it was determined that Shayla Bussinger and Gary Winchel took bank cards from the victim, traveled to the Crete Walmart and used [the bank cards] without the permission of the card owners." The report also contained police reports detailing the investigation and resulting charges against Bussinger.

The court accepted Bussinger's plea, found that there were sufficient facts to support the charge, and found her guilty of theft by receiving stolen property (between $500 and $1,500). The court scheduled a sentencing hearing and ordered a PSR.

The sentencing hearing was held in November 2023. The State requested a "straight sentence," whereas Bussinger asked for a sentence to run concurrent with the sentence she was then serving at the Department of Corrections for a separate conviction. In the alternative, Bussinger requested that she serve a consecutive sentence at the Department of Corrections to allow her to continue participating in the Department's programs.

The court stated that it had considered all arguments and had reviewed the PSR. The PSR revealed that at the time of sentencing, Bussinger was 33 years old and was a high school graduate. Bussinger's criminal history spans 14 years and includes seven convictions for theft by unlawful taking or shoplifting involving varying amounts of value, two convictions for aiding and abetting a Class III felony, six convictions for driving under suspension, one conviction for driving under the influence, attempted second degree assault, negligent driving, trespass, and obstructing a police officer. She has also been convicted of a multitude of traffic offenses.

The district court considered the relevant sentencing factors, including Bussinger's age, mentality, education and experience, social and cultural background, past criminal record or record of law-abiding conduct, and the motivation for the offense, as well as the nature of the offense. The court specifically noted that Bussinger had a "considerable criminal history" that encompassed a wide range of crimes. The court sentenced Bussinger to 365 days' incarceration with credit for 3 days' time served. The court ordered that the sentence be served in the local county jail and that the sentence would run consecutively to any sentence already imposed on Bussinger.

Bussinger appeals.

## III. ASSIGNMENTS OF ERROR

Bussinger assigns, summarized and restated, that she received ineffective assistance of counsel when her prior counsel (1) withdrew her plea in abatement, (2) stipulated to the State's factual basis, and (3) failed to require that the State recommend a concurrent sentence in the plea agreement. Bussinger also assigns that the district court imposed an excessive sentence.

## IV. STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). In reviewing a claim of ineffective assistance of trial counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id.*

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Lara*, 315 Neb. 856, 2 N.W.3d 1 (2024).

## V. ANALYSIS

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL

Bussinger contends that she was denied the right to effective assistance of counsel in several respects. Before we reach the merits of each claim, we provide a brief background on ineffective assistance of counsel claims.

On direct appeal, Bussinger has new counsel. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the

record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Miller, supra*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *Id.* When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.*

Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id.* The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Clark*, 315 Neb. 736, 1 N.W.3d 487 (2024). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* To show prejudice when the alleged ineffective assistance relates to the entry of a plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have entered the plea and would have insisted on going to trial. *State v. Fester*, 287 Neb. 40, 840 N.W.2d 543 (2013).

### (a) Withdrawal of Plea in Abatement

Bussinger contends that she received ineffective assistance of counsel when her trial counsel withdrew her plea in abatement without fully discussing the ramifications of said withdrawal with her. She argues that she was not given an opportunity to review the preliminary hearing transcript to determine if she wanted to withdraw her plea in abatement. Bussinger also asserts that the record is insufficient on direct appeal to review this claim. We disagree.

At the plea hearing, Bussinger's trial counsel explained that withdrawing the plea in abatement was a condition of the plea agreement and requested the court's permission to make the withdrawal. Bussinger did not object to this request, nor did she ask for more time to speak with her attorney about the withdrawal. Immediately after the court granted the withdrawal, Bussinger confirmed that she had heard all the terms of the plea agreement and had enough time to discuss the agreement and her case generally with her trial counsel. Her statements in the district court provide us with a sufficient record to review this claim, and those statements directly contradict her argument on appeal that her trial counsel failed to fully discuss the agreement and all its components with her. This assignment of error fails.

- 4 -

(b) Stipulation to State's Factual Basis

Bussinger contends that her trial counsel was ineffective for stipulating to the State's factual basis. The State counters that Bussinger merely restated this assignment of error in the argument section of her appellate brief and that this court should decline to address it.

Nebraska case law is well-settled on this issue. An argument that does little more than restate an assignment of error does not support the assignment, and an appellate court will not address it. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). Where an appellant's brief contains conclusory assertions unsupported by a coherent analytical argument, the appellant fails to satisfy such requirement. *State v. Garcia*, 315 Neb. 74, 994 N.W.2d 610 (2023). In both the criminal and postconviction context, an appellate court will not ordinarily scour the record in search of facts that might support an appellant's claim. *Id.*

Absent from Bussinger's assigned error and argument is why a stipulation to the factual basis constituted ineffective assistance of counsel in this case. As the State points out, Bussinger's argument section does little more than restate the assigned error. The entirety of Bussinger's argument on this point reads as follows: "[Bussinger] further states that her trial attorney was ineffective in stipulating that a factual basis existed for the [district court] to accept [Bussinger's] plea, as required by *State v Irish*, 223 Neb. 814[, 394 N.W.2d 879] (1986) and, also, in *State v Welch*, 2000 Neb. App. LEXIS 310." Brief for appellant at 20. While Bussinger cites to two cases, she does not provide us with an analytical argument explaining the relevance of these cases or how they establish her trial counsel's alleged ineffectiveness. We further note that *State v. Irish, supra*, holds that a factual basis may be determined from inquiry of the defendant or county attorney, or by examination of the PSR.

Because Bussinger failed to adequately argue this assignment of error, we will not address it.

(c) Failure to Require State to Recommend Concurrent Sentence in Plea Agreement

Bussinger assigns that her trial counsel was ineffective in failing to require that the State recommend a concurrent sentence in the plea agreement. She argues that the plea hearing proceedings were rushed, she misunderstood the proceedings, and she was unable to fully discuss the agreement's terms regarding sentencing with her trial counsel.

We find that the record refutes Bussinger's claims and that Bussinger would be unable to establish that she was prejudiced by this alleged deficiency at any subsequent postconviction hearing. The record of the plea hearing demonstrates that Bussinger understood the plea agreement and purpose of the hearing and did not profess or make any indication that the proceedings were rushed or that she misunderstood the proceedings. She expressed no desire for more time to discuss the agreement with her trial counsel. In fact, as iterated above, Bussinger told the court that she understood the terms of the plea agreement and had enough time to discuss the agreement and the case generally with her trial counsel.

Given this record, there is no reasonable probability that, but for trial counsel's failure to secure a concurrent sentence recommendation from the State, Bussinger would have insisted on rejecting the plea agreement and going to trial. At the plea hearing, Bussinger pled guilty to the theft charge knowing that the State was free to make any sentencing recommendation it wished to make. She had an opportunity to raise this issue to her attorney or to the court, but she did not do

so. As a matter of law, Bussinger cannot establish that she was prejudiced by her counsel's allegedly deficient performance.

Further, sentencing courts are never bound by any sentencing recommendation made by a prosecutor pursuant to a plea agreement. *State v. Lara*, 315 Neb. 856, 2 N.W.3d 1 (2024). Thus, even if the State had recommended a concurrent sentence to the district court, the court would not have been bound by that recommendation. At the plea hearing, Bussinger specifically acknowledged that sentencing recommendations were not binding on the district court and that she was pleading to a Class I misdemeanor which carries a maximum sentence of 1 year imprisonment, or a $1,000 fine, or both. Since Bussinger would be unable to demonstrate prejudice on this issue, this assignment of error is without merit.

## 2. EXCESSIVE SENTENCE

Bussinger asserts that the district court imposed an excessive sentence because the court did not give proper weight and consideration to certain sentencing factors, including her rehabilitative needs, her age, her health, her general life circumstances, and her willingness to enter a plea. She argues that her sentence should have either run concurrent with her prior sentence, or she should have been allowed to serve a consecutive sentence at the Department of Corrections.

Bussinger does not and cannot dispute that her sentence is within statutory limits. Bussinger was convicted of theft by receiving stolen property (between $500 and $1,500), a Class I misdemeanor. A Class I misdemeanor is punishable by up to 1 year imprisonment. Neb. Rev. Stat. § 28-106 (Reissue 2016). The district court sentenced Bussinger to 365 days' incarceration. Her sentence is the maximum sentence of incarceration provided by the statute.

Because Bussinger's sentence is within statutory limits, we review her sentence for an abuse of discretion only. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Lara, supra*. When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Upon our review, we find no abuse of discretion in the district court's sentencing determination. The court reviewed the PSR and considered each of the sentencing factors listed above, including Bussinger's age and her background. The court specifically noted that Bussinger had an extensive criminal history. Her prior convictions include seven theft-related charges, indicating an unwillingness or inability to stop stealing. Additionally, Bussinger's willingness to enter a plea does not entitle her to any type of sentence reduction. A defendant who pleads guilty has no absolute right to a reduced sentence because he or she saves the State the expense of going to trial. *State v. Suffredini*, 224 Neb. 220, 397 N.W.2d 51 (1986). Further, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or

consecutively. *State v. Ezell*, 314 Neb. 825, 993 N.W.2d 449 (2023). Here, the sentences Bussinger was already serving were unrelated to the offense conduct in this case.

We conclude that the district court did not abuse its discretion when it sentenced Bussinger to the maximum sentence of incarceration. Additionally, the court did not abuse its discretion when it ordered that the sentence be served in the county jail and that the sentence run consecutively to any sentence already imposed on Bussinger.

## VI. CONCLUSION

Bussinger's ineffective assistance of counsel claims are without merit. Additionally, Bussinger's sentence was not excessive. We affirm the judgment of the district court.

AFFIRMED.