IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BATTLES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CECIL E. BATTLES, APPELLANT.

Filed November 4, 2025.    No. A-24-497.

Appeal from the District Court for Hall County: ANDREW C. BUTLER, Judge. Affirmed.

Chad J. Wythers, of Wythers Law Firm, for appellant.

Michael T. Hilgers, Attorney General, and P. Christian Adamski for appellee.

RIEDMANN, Chief Judge, and MOORE and WELCH, Judges.

RIEDMANN, Chief Judge.

## I. INTRODUCTION

Cecil E. Battles appeals his convictions and sentences following a bench trial in the district court for Hall County. Because we find that his assigned errors either fail, or are unable to be addressed on direct appeal, we affirm the judgment of the district court.

## II. BACKGROUND

Battles was charged with attempted second degree murder, first degree assault, terroristic threats, attempted robbery, and unlawful discharge of a firearm. Each of these charges was accompanied by a corresponding charge of use of a deadly weapon to commit a felony. Battles was also charged with conspiracy to commit robbery. Isaias A. was the victim of the attempted second degree murder and first degree assault charges. Following a bench trial, Battles was convicted of attempted second degree murder, first degree assault, unlawful discharge of a firearm,

- 1 -

and three counts of use of a deadly weapon to commit a felony. We recount the evidence presented at trial only insofar as is necessary to address Battles' assigned errors on appeal.

On September 5, 2022, Isaias went with a friend to conduct a drug sale at a parking lot in Grand Island, Nebraska. Isaias' friend drove, while Isaias sat in the back passenger seat with a gun. At first, the buyer got in the front passenger seat but soon got out and went back to the truck in which he arrived to get the rest of the money for the transaction. Then, four to five masked individuals ran from the side of the truck to the car, and some began pounding on the car windows with guns. One person went to the front passenger door and tried to pull Isaias' friend from the car. Isaias raised his gun and pointed it at this person. One of the masked individuals shot Isaias in the forearm and jaw. Isaias was taken to a hospital in Grand Island, then flown to a hospital in Omaha, Nebraska, where he remained for nearly 2 weeks.

Two of the masked individuals later identified Battles as the shooter. It was reported that after the shooting, Battles stated that he fired the gun because Isaias had been pointing a gun toward one of the masked men. Battles said if he had not done it, someone in their group would have gotten their heads "blown off."

Battles did not testify at trial and called only one witness. As summarized for the district court in closing arguments, Battles' theory of the case focused on what he believed to be a deficient investigation, a lack of evidence showing he was present for any of the events or had any involvement in the matter, and a lack of credibility on the part of the State's witnesses. Trial counsel also argued that the evidence showed Isaias was pointing a gun at someone, and so whoever the shooter was, there was evidence that the person was shooting in self-defense.

The district court determined that despite inconsistencies in the testimony, Battles was present at the scene and was the shooter. It found him guilty of attempted second degree murder, first degree assault, unlawful discharge of a firearm, and three counts of use of a deadly weapon to commit a felony. It found him not guilty of the remaining charges. Battles was sentenced to 15 to 30 years' imprisonment for his conviction of attempted second degree murder, 15 to 30 years' imprisonment for his conviction of first degree assault, and 15 to 30 years' imprisonment for his conviction of unlawful discharge of a firearm. For each conviction of use of a deadly weapon to commit a felony, Battles received a sentence of 5 to 10 years' imprisonment. Battles appeals. Additional facts will be discussed below as necessary.

### III. ASSIGNMENTS OF ERROR

Battles assigns, restated, that the district court (1) abused its discretion in failing to advise him that a sentence upon conviction of use of a deadly weapon to commit a felony must be imposed consecutively to the underlying felony, (2) committed plain error by allowing him to enter a plea of not guilty and proceed to trial on an incorrect charge of attempted second degree murder, and (3) abused its discretion by accepting his waiver of the right to a jury trial when he was not advised of his right to be presumed innocent.

Battles also assigns that (4) the cumulative effect of these assigned errors violated his constitutional right to a fair trial and (5) that he received ineffective assistance of trial counsel when counsel (a) advised him to waive his right to a jury trial given the inclusion of "malice" in the charge of attempted second degree murder, (b) failed to argue self-defense given the undisputed

evidence that Battles shot the victim, (c) failed to encourage Battles to testify in his own defense given the evidence that Battles shot the victim, and (d) failed to communicate plea offers.

## IV. ANALYSIS

### 1. SENTENCING ADVISEMENT

Battles assigns that the district court abused its discretion in failing to advise him that a sentence upon conviction of use of a deadly weapon to commit a felony must be imposed consecutively to the underlying felony. Following our review, we find no reversible error.

### (a) Additional Facts

At his arraignment, Battles was informed of the sentencing ranges for the charged crimes, and he confirmed he understood the possible penalties. However, the district court did not inform him that sentences for use of a deadly weapon to commit a felony shall be consecutive to any other sentence imposed. See Neb. Rev. Stat. § 28-1206 (Cum. Supp. 2024).

### (b) Standard of Review

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Geller*, 318 Neb. 441, 16 N.W.3d 365 (2025).

### (c) Analysis

In support of his argument that the district court erred in failing to inform him that convictions for use of a deadly weapon to commit a felony require mandatory consecutive sentences, Battles cites to three cases. However, all three of those cases involve a defendant entering a plea of guilty or no contest. See, *State v. Lyman*, 230 Neb. 457, 432 N.W.2d 43 (1988); *State v. Golden*, 226 Neb. 863, 415 N.W.2d 469 (1987); *State v. Suffredini*, 224 Neb. 220, 397 N.W.2d 51 (1986). But here, Battles proceeded to trial; therefore, the advisement he received from the district court regarding the possible sentences for his charges occurred at his arraignment, not at a plea hearing.

The considerations involved in determining whether one freely, intelligently, voluntarily, and understandingly pleads guilty have no application where a criminal defendant pleads not guilty, for in such a circumstance, the defendant does not surrender the constitutional rights inherent in a trial. See *State v. Betancourt-Garcia*, 295 Neb. 170, 887 N.W.2d 296 (2016), *abrogated on other grounds, State v. Guzman*, 305 Neb. 376, 940 N.W.2d 552 (2020). Thus, the cases Battles relies upon do not apply to his situation.

Further, Neb. Rev. Stat. § 29-1816 (Cum. Supp. 2024) provides in part that "[i]f the accused appears in person and by counsel and goes to trial before a jury regularly impaneled and sworn, he or she shall be deemed to have waived arraignment and a plea of not guilty shall be deemed to have been made." Here, Battles pled not guilty and proceeded to a bench trial. We recognize the statute specifically references a jury trial but see no reason in this instance to distinguish between a trial before a jury and a trial before the court. See *State v. Morris*, No. A-21-841, 2022 WL 4137700 (Neb. App. Sept. 13, 2022) (selected for posting to court website) (finding it reasonable to apply waiver of arraignment provision of § 29-1816 to trial by court upon accused's waiver of jury). Based on the foregoing, Battles waived his assignment of error related to his arraignment.

To the extent Battles is arguing that the failure of the district court to inform him of the mandatory consecutive sentence requirement renders his sentences excessive and an abuse of discretion, he did not assign this as error. Battles assigned that the district court erred in failing to inform him of the mandatory consecutive sentence requirement, not that the sentences he received were an abuse of discretion. As such, we will not address the argument that the sentences imposed were an abuse of discretion. See *State v. Goynes*, 318 Neb. 413, 16 N.W.3d 373 (2025) (alleged errors must be both specifically assigned and argued to be considered by appellate court).

Battles waived any error related to his arraignment by his decision to plead not guilty and proceed to trial. This assignment of error fails.

### 2. INCLUSION OF MALICE

Battles assigns that the district court committed plain error by allowing him to enter a plea of not guilty and proceed to trial on an incorrect charge of attempted second degree murder. Because his counsel did not raise this issue at trial, Battles seeks a plain error review. We determine that there was no plain error warranting reversal.

### (a) Additional Facts

The information charging Battles with attempted second degree murder stated that Battles "did attempt to then and there intentionally and maliciously, but without premeditation" kill Isaias. Battles pled not guilty to the information at his arraignment.

### (b) Standard of Review

Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. See *State v. Horne*, 315 Neb. 766, 1 N.W.3d 457 (2024).

### (c) Analysis

Malice is not an element of attempted second degree murder. See *State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998). Here, the charging information incorrectly included "malice" as an element of the crime. Battles failed to file a motion to quash. Objections to the form or content of an information should be raised by a motion to quash, though generally defects or omissions in an information that are of such fundamental character as to make the indictment wholly invalid are not subject to waiver. See *State v. Davis*, 310 Neb. 865, 969 N.W.2d 861 (2022).

We must first determine whether the information is fatally defective such that Battles' failure to file a motion to quash does not serve to bar this claim from appellate review. We find that the information was not fatally defective, and therefore, under a plain error review, did not prejudicially affect a substantial right which, if uncorrected, would result in damage to the integrity, reputation, or fairness of the judicial process. See *State v. Horne, supra*.

An information first questioned on appeal must be held sufficient unless it is so defective that by no construction can it be said to charge the offense for which the accused was convicted. *State v. Davis, supra*. A complaint or information is fatally defective only if its allegations can be true and still not charge a crime. *Id*. An information must allege each statutorily essential element of the crime charged, expressed in the words of the statute which prohibits the conduct charged as

a crime or in language equivalent to the statutory terms defining the crime charged. *Id*. Here, the information listed the statutory elements, albeit with the inclusion of an extra element not part of the statute. The allegations, if true, constituted a crime. Thus, the information was not fatally defective; thus, under a plain error review, we find none.

The district court did not plainly err in permitting Battles to enter a not guilty plea based on the inclusion of malice in the charge of attempted murder in the second degree. This assignment of error fails.

### 3. Waiver of Jury Trial

Battles assigns that the district court abused its discretion by accepting his waiver of the right to a jury trial when he was not advised of his right to be presumed innocent. After reviewing the record, we conclude the district court did not err in accepting Battles' waiver of a jury trial.

### (a) Additional Facts

At his arraignment, Battles was informed of his right to a jury trial. He confirmed that he had heard the rights that had been explained to him, that he understood them, and that he did not have questions about them. At a later hearing, trial counsel noted that Battles wanted to waive his right to a jury trial and have the matter tried to the district court. Battles confirmed this was his intention. He confirmed he understood he had the right to a jury trial but was waiving this right. A written waiver of jury trial signed by Battles was also filed.

### (b) Analysis

Battles assigns that the district court erred by accepting his waiver of his right to a jury trial because Battles was not advised of his right to the presumption of innocence. The right to trial by jury is personal and may be waived by a criminal defendant. *State v. Perez-Cruz*, 23 Neb. App. 743, 874 N.W.2d 905 (2016). In order to waive the right to trial by jury, a defendant must be advised of the right to jury trial, must personally waive that right, and must do so either in writing or in open court for the record. *Id*. The waiver of a right to a jury trial must be express and intelligent and cannot be presumed from a silent record. *Id*.

Battles verbally confirmed it was his intention to waive a jury trial. He also signed a written waiver. Battles was aware of his right to a jury trial, and he personally informed the district court that he wished to waive that right both at a hearing and in a signed written waiver. While the colloquy at the hearing at which Battles waived his right to a jury trial was not extensive, Battles did personally waive this right both in open court and in writing. The waiver in this case was express and intelligent.

Implicit in Battles' argument is an allegation that he was unaware of his right to be presumed innocent at a trial. But the Nebraska Supreme Court has not required trial courts to inform defendants of the presumption of innocence, per se, when accepting a guilty plea. See *State v. Golka*, 281 Neb. 360, 796 N.W.2d 198 (2011), citing *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). If such an advisement is not required in a plea setting, we fail to see how it could be required when waiving a jury trial. Unlike entering a guilty plea where a defendant waives his or her right to be presumed innocent, Battles did not waive the presumption of innocence by waiving a jury.

Even if Battles was unaware he was to be presumed innocent at a trial, he still chose to have a trial, albeit before the district court rather than a jury. Battles fails to explain why he would insist on a jury trial if he knew he was presumed innocent but would allow his case to be decided in a bench trial if he did not know he was presumed innocent.

We determine that Battles personally, intelligently, and expressly waived his right to a jury trial. The district court did not err in accepting this waiver.

### 4. CUMULATIVE ERROR

Battles assigns that the cumulative effect of the errors assigned above violated his constitutional right to a fair trial. His brief also references that his claims of ineffective assistance of counsel are included in his claim of cumulative error. The Nebraska Supreme Court recently noted that it has not expressly held that meritorious claims of ineffective assistance of counsel are properly included in an analysis under cumulative error. See *State v. Vazquez*, 319 Neb. 192, 21 N.W.3d 615 (2025). It declined to opine further on the matter, as it found that even assuming ineffective assistance claims could be considered part of a cumulative error analysis, the result would not have supported finding cumulative error in the matter before it. See *id*.

We also need not decide whether Battles' claims of ineffective assistance of counsel should be included in a cumulative error analysis because, as will be explained below, we determine that Battles' claims of ineffective assistance of counsel are insufficiently alleged, fail, or are unable to be decided on direct appeal. As the assigned errors above also fail, Battles has failed to show cumulative error.

### 5. INEFFECTIVE ASSISTANCE OF COUNSEL

Battles assigns that he received ineffective assistance of trial counsel in four specific ways. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Adams*, 33 Neb. App. 212, 12 N.W.3d 114 (2024).

### (a) Standard of Review

Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *Id*. In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *Adams, supra*. To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice from counsel's deficient performance, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *Id.* When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitute deficient performance by trial counsel. *Id.*

(b) Analysis

*(i) Waiver of Jury Trial*

Battles assigns that trial counsel was ineffective when counsel advised him to waive his right to a jury trial given the inclusion of "malice" in the charge of attempted second degree murder. The decision to waive a jury trial is ultimately and solely the defendant's, and, therefore, the defendant must bear the responsibility for that decision. *State v. Golyar*, 301 Neb. 488, 919 N.W.2d 133 (2018). Counsel's advice to waive a jury trial can be the source of a valid claim of ineffective assistance only when (1) counsel interferes with the client's freedom to decide to waive a jury trial or (2) the client can point to specific advice of counsel so unreasonable as to vitiate the knowing and intelligent waiver of the right. *Id.*

Battles does not argue that trial counsel interfered with his decision to waive a jury trial, but, rather, that trial counsel's advice to waive a jury was deficient due to the erroneous inclusion of "malice" in the charge of attempted second degree murder. The State contends that Battles has failed to identify specific advice of trial counsel that was deficient. We agree with the State.

In *Golyar, supra*, the defendant raised a claim of ineffective assistance of counsel based on counsel's advice not to testify at trial. She argued that she had no prior criminal record to discredit her, and counsel's advice denied her the opportunity to explain other allegations against her. The Supreme Court determined that the claim contained "no allegations as to how counsel deficiently advised her regarding these matters or how his advice not to testify was unreasonable." *Id.* at 514, 919 N.W.2d at 153. It determined the claim failed to allege deficient performance with enough particularity and was not properly raised on direct appeal. *Id.*

Similarly, although Battles argues that counsel's advice to waive a jury was deficient due to the erroneous inclusion of "malice" in the charge of attempted second degree murder, he provides no information as to how counsel deficiently advised him regarding this matter or how her advice to waive a jury was unreasonable. This claim fails to allege deficient performance with enough particularity to be properly raised on direct appeal.

*(ii) Failure to Argue Self-Defense*

Battles assigns that trial counsel was ineffective for failing to argue self-defense given the undisputed evidence that Battles shot the victim. Battles argues that there is a reasonable probability that had he testified he was acting in self-defense, the result of the proceeding would have been different.

The record indicates that throughout the case, Battles maintained his innocence. At a bond review hearing, his counsel asserted Battles "had no idea this situation had happened." Prior to trial, Battles filed a notice of intent to offer alibi evidence. At sentencing, when given the

opportunity to address the district court, Battles stated that he would "just like to maintain [his] innocence, and nothing more." After trial counsel commented it was "tricky" to argue at trial, the district court stated that "it absolutely is, especially if you're arguing a theory of alibi and self-defense. Because the self-defense puts you there, and the theory of alibi says you're not there." The district court noted that Battles had indicated in the presentence investigation report (PSI) that he was not there.

We determine that Battles cannot show counsel performed deficiently in failing to argue self-defense. It is clear from the record, including statements of counsel, the notice of intent to offer alibi evidence, Battles' statement at sentencing that he wished to maintain his innocence, and the district court's acknowledgment that Battles stated in the PSI that he was not present at the crime, that Battles consistently denied being present during the commission of the crime. One cannot be both acting in self-defense at the scene of the crime while at the same time not be present. See *State v. Faust*, 265 Neb. 845, 660 N.W.2d 844 (2003) (theory of self-defense necessarily involves inference or admission that defendant harmed victim, but that defendant's acts were justified, by giving self-defense instruction when defendant's theory of case is that he or she did not commit crime, court risks confusing or misleading jury), *disapproved on other grounds, State v. McCulloch*, 274 Neb. 636, 742 N.W.2d 727 (2007).

Trial counsel did not perform deficiently in failing to argue a theory of self-defense that was contrary to Battles' position that he was not present during the commission of the crime. Battles has not shown deficient performance, and this assigned error fails.

### (iii) Failure to Encourage Battles to Testify

Battles assigns that trial counsel was ineffective in failing to encourage him to testify in his own defense given the evidence that Battles shot the victim. He argues that he "should have testified that he was the shooter, and he believed that deadly force was necessary to protect himself or his coworkers. Had Battles testified that he was the shooter, and had he asserted a claim of self-defense [], the outcome of this case would have been different." Brief for appellant at 33.

A defendant has a fundamental constitutional right to testify. *State v. Golyar*, 301 Neb. 488, 919 N.W.2d 133 (2018). The right to testify is personal to the defendant and cannot be waived by defense counsel's acting alone. *Id*. Defense counsel bears the primary responsibility for advising a defendant of his or her right to testify or not to testify, of the strategic implications of each choice, and that the choice is ultimately for the defendant to make. *Id*. Defense counsel's advice to waive the right to testify can present a valid claim of ineffective assistance of counsel in two instances: (1) if the defendant shows that counsel interfered with his or her freedom to decide to testify or (2) if counsel's tactical advice to waive the right was unreasonable. *Id*.

Battles does not argue that trial counsel interfered with his freedom to decide to testify. He argues that trial counsel failed to advise him on the implications of failing to testify. Specifically, that trial counsel did not inform him of the "relationship between [Battles'] right to remain silent as compared to the controverted evidence of guilt, the problems with the charge as it related to his right to remain silent, or the interplay between the right to remain silent and the likelihood of success on a self-defense claim." Brief for appellant at 34.

As stated above, however, Battles maintained that he was not present at the time of the crime. For counsel to have "encouraged" Battles to testify as he now claims he should have done

would have required counsel to encourage her client to testify contrary to what Battles claims occurred. This would require a determination that counsel was ineffective for either failing to believe her client or failing to advise her client to testify dishonestly. We decline to find either and reject this claim.

*(iv) Failure to Communicate Plea Offers*

Battles assigns that trial counsel was ineffective in failing to communicate plea offers. He argues that although trial counsel told him about a plea offer, counsel did not explain the details or consequences of accepting or refusing it.

There is nothing in our record indicating the substance of any conversations between Battles and trial counsel regarding plea offers made by the State. The record on direct appeal is insufficient for us to address this claim. See *State v. Warner*, 312 Neb. 116, 977 N.W.2d 904 (2022) (holding claim of ineffective assistance of counsel could not be resolved when claim arises out of conversations with trial counsel where record is devoid of what occurred in those conversations). This claim is preserved for postconviction review.

## V. CONCLUSION

Battles waived his assigned error related to his arraignment by proceeding to trial. The district court did not err in allowing Battles to enter a plea of not guilty to the information, nor in accepting Battles' waiver of a jury trial. Battles' claim that trial counsel was ineffective in advising him to waive a jury trial does not allege deficient performance with sufficient particularity to properly raise it on direct appeal. The record is sufficient to address Battles' claim that trial counsel was ineffective in failing to argue a theory of self-defense and in failing to encourage him to testify, and these claims fail. The record is insufficient to address Battles' claim that trial counsel was ineffective in communicating plea offers. This claim is preserved for postconviction review.

We affirm Battles' convictions and sentences.

AFFIRMED.